In re Alberto DUQUE RODRIGUEZ and Domino Investments, Ltd., Debtors.

John Paul MURPHY, Trustee, Plaintiff,

v.

AVIANCA, INC., Defendant.

Bankruptcy No. 83–00903–BKC–TCB.
Adv. No. 87–0190–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

July 24, 1987.

See also, Bkrtcy., 77 B.R. 936.

---

Jeffrey B. Lathe, Blackwell, Walker, Fascell & Hoehl, Miami, Fla., for plaintiff.

William G. Bell, Miami, Fla., for defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

The trustee for Domino Investments, Ltd., a debtor in this court, seeks avoidance under 11 U.S.C. § 548(a)(2), constructive fraud, of a transfer of $42,397 from the debtor to defendant made March 3, 1983, two months before bankruptcy. Although the trustee also alleged actual fraud, that allegation was abandoned at trial. Default was entered against defendant. (C.P. No. 8). Defendant answered the next day. The default was vacated and the case was tried May 21. (C.P. No. 11).

This is one of 26 similar actions against various defendants filed simultaneously by this trustee. By stipulation between the parties, the issue of insolvency on the transfer date was tried separately as to all the actions. By a separate Memorandum Decision dated June 26, 75 B.R. 829 (Bankr. S.D.Fla.1987), I have found that Domino was insolvent on the date of this transfer. (C.P. No. 14).

It is the trustee's burden under § 548(a)(2) to prove that the transferred property was owned by the debtor, that the transfer occurred within a year before bankruptcy, that the debtor was insolvent on the transfer date, and that the debtor:

> "received less than a reasonably equivalent value in exchange for such transfer".

Defendant argues only that the debtor received "reasonably equivalent value" for the money it paid.[1]

The facts are not in dispute. The payment was made to an airline for the shipment of coffee beans from Colombia to Miami. The reasonableness of the charges is not questioned. The air waybills show the cargo consigned collect with the "ultimate destination" listed as General Coffee Corporation and bear the notation:

> "Notify: Colombian Coffee Company 120 Wall Street, New York".

I attach no significance to the notation and find that the consignee and party benefitted by the air carriage was General Coffee, not Colombian Coffee.

Domino, an overseas corporation, is a holding company. It owned all the stock of General Coffee Corporation, the manufacturer and distributor of processed coffee. General Coffee was then insolvent and filed for bankruptcy with its parent, Domino.

In *Mayo v. Pioneer Bank & Trust Co.*, 270 F.2d 823, 829–30 (5th Cir.1959), *cert. denied*, 362 U.S. 962, 80 S.Ct. 878, 4 L.Ed.2d 877 (1960), the court recognized that:

> "usually a diversion of corporate assets for the benefit of a third person, such as the payment of the loan of another, is a transfer without 'fair consideration' ".

However, the court concluded that:

> "The requirement of 'fair consideration' is aimed at preventing a bankrupt depleting his estate just preceding his bankruptcy either by improvidence or by action intended to defeat creditors or favor friends."

In light of the statutory purpose, the court refused to find a transfer of the corporate debtor's funds for the payment of the debt of its principal to be constructively fraudulent under the statute, where the creditors of the corporation suffered no harm.

---

1. It did not plead but has argued the affirmative defense under § 548(c) that it "gave value to the debtor" and received payment "in good faith". There is no question that the airline acted in good faith. Whether it gave value to the *debtor* is the issue it has raised by its denial of the trustee's allegations.

*Rubin v. Manufacturers Hanover Trust Co.*, 661 F.2d 979, 991 (2nd Cir.1981) follows *Mayo* in accepting as "fair consideration" the indirect benefit received by the debtor from a three-sided transaction.

"If the consideration given to the third person has ultimately landed in the debtor's hands, or if the giving of the consideration to the third person otherwise confers an economic benefit upon the debtor, then the debtor's net worth has been preserved, and § 67d has been satisfied."

*Mayo* and *Rubin* applied § 67(d) of the former Act. The comparable phrases in the present law are "reasonably equivalent value", § 548(a)(2)(A), and "value", § 548(c). However, no court has suggested that a different rule would apply today.

If General Coffee had not been insolvent at the time its corporate parent paid the freight for goods delivered to General Coffee and if General Coffee had not subsequently filed for bankruptcy, I would find that its corporate parent, Domino, had received an indirect benefit from the three-sided transaction in this case, a benefit at least equal in value to the sum it paid. But I cannot ignore the reality that, in view of General Coffee's then terminal insolvency, the net worth of Domino was diminished by the transfer and the innocent creditors of Domino were in fact harmed by the transfer.

I find, therefore, that the debtor Domino received no equivalent value in exchange for the transfer which is challenged here.

As is required by B.R. 9021(a) a separate judgment will be entered for the trustee against defendant in the amount $42,397. Costs may be taxed on motion.